# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

David M. Schneider,
Plaintiff

vs

Case No. 1:06-cv-836-SJD-TSH
(Dlott, C. J.; Hogan, M. J.)

Michael Hardesty, et. al.,
Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Thomas Nelson's motion to dismiss for lack of personal jurisdiction (Doc. 5), plaintiff David M. Schneider's memorandum in opposition (Doc. 7), defendant's reply (Doc. 9), and the parties' supplemental memoranda, including the supplemental affidavit of defendant Nelson. (Docs. 20, 22, 23, 26, 27). For the reasons set forth more fully below, the Court recommends that the motion to dismiss be denied.

### Background

Plaintiff initiated this diversity action on December 8, 2006, alleging fraud, misrepresentation, and several other fraud related claims under Ohio law against defendants Michael Hardesty, Innovative Business Consulting, Inc., Hatchlands Ltd.,

Provincial Insurance Ltd., London Reinsurance Ltd., and Thomas Nelson, Esq.

Plaintiff David M. Schneider, M.D., is an Ohio resident and owns a medical practice. In 2001, defendant Hardesty solicited plaintiff to participate in an investment program whereby plaintiff would purchase a medical malpractice insurance policy and a portion of the funds from the premium would be pooled, reinvested with London Reinsurance Ltd., to create a captive insurance company, and subsequently reinvested with Vavasseur Corporation. Plaintiff claims that Hardesty represented that the insurance/investment program would entitle him to federal tax benefits and that plaintiff would become a partial owner of London Reinsurance, in proportion to the amount of funds he had reinvested.

In December 2001, plaintiff mailed an insurance premium payment to Provincial Insurance Ltd., as payment for a specialty/casualty insurance policy for plaintiff's medical practice and for investment as represented by Hardesty. Plaintiff alleges that once the funds were received, they were transferred from Provincial Insurance Ltd. to Defendant London Reinsurance, to defendant Hatchlands Finance, Ltd., and ultimately to Vavasseur. The parties do not dispute that Vavasseur Corporation, managed by Terry Dowdell, former CFO of Templeton Fund, was subsequently found to be a Ponzi scheme, which received investments in excess of $100,000,000. Dowdell is presently incarcerated after pleading guilty to charges related to running the Vavasseur Ponzi scheme.

Defendant concedes that he introduced Hardesty to persons at Vavasseur and admits that he was hired by Hardesty in 2003 to seek the return of London

Reinsurance assets which had been frozen by the Bank of Butterfield. Apparently the funds were intended to be transferred by wire from London Reinsurance to Vavasseur when the Bank of Butterfield became aware of SEC proceedings against Vavasseur and froze the assets. Thus, while Nelson insists the funds, including monies belonging to plaintiff, were never invested with Vavasseur, it appears that the statement is correct solely because they were frozen by the Bank before the intended wire transfer could be consummated.

Nelson was hired to represent London Reinsurance in its efforts to have the frozen assets returned by the Bank of Butterfield to London Reinsurance, effectively rescinding the transaction with Vavasseur. Nelson became the authorized agent for London Reinsurance. In September and December 2003, Nelson wrote two "To Whom It May Concern" letters, at the behest of Hardesty, which were directed to those who had a portion of their insurance premiums pooled with London Reinsurance. It is undisputed that while plaintiff had funds that had been pooled and transferred to London Reinsurance as of this time, he did not yet have a proportional ownership interest in the company. Plaintiff alleges that these letters constitute misrepresentations and fraudulent conduct in furtherance of the defendants' scheme to invest plaintiff's funds with Vavasseur and obtain fees and payments for the investments.

Defendant concedes that he drafted the letters at issue but contends that he did not send the letters, he did not represent any of the individual investors in London Reinsurance or have any contact with plaintiff. He also contends that none of his fees were ever generated from funds paid by plaintiff under the Hardesty

insurance/investment scheme. Nelson objects to this Court's exercise of personal jurisdiction and moves the Court to dismiss him from the case.

## APPLICABLE LAW

### Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiff bears the burden of demonstrating that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-2 (6th Cir. 1996). Where as here, the Court determines that the motion to dismiss for lack of personal jurisdiction can be ruled on before trial, the court may determine the motion on the basis of affidavits alone, or it may permit discovery in aid of the motion, or it may conduct an evidentiary hearing on the merits of the motion. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212 (6th Cir. 1989). Ordinarily, when a district court has conducted an evidentiary hearing, plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). Similarly, where a plaintiff has received all of the discovery sought concerning personal jurisdiction, and there does not appear to be any real dispute over the facts relating to jurisdiction, plaintiff must likewise prove jurisdiction by a preponderance of the evidence. *Int'l Technologies consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

However, When a District Court rules upon a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in the light most favorable to plaintiff. *CompuServe*, 89 F.3d at 1262. To defeat defendant's

4

motion, plaintiff need only establish a prima facie case of jurisdiction. *Id.* The Court does not weigh the assertions by the party seeking dismissal and thereby avoids a situation wherein non-resident defendants regularly defeat jurisdiction simply by filing an affidavit that denies all the jurisdictional facts. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991). The motion to dismiss will be granted only if all the specific facts alleged in plaintiff's complaint collectively fail to establish a prima facie case of personal jurisdiction. *Id.*

In this case, the Court did not conduct an evidentiary hearing. However, the District Court did permit plaintiff to conduct initial discovery on jurisdictional issues, including deposing defendant Nelson. Because plaintiff received the discovery concerning personal jurisdiction which he sought and because there do not appear to be disputed issues of material fact with respect to jurisdiction, this Court concludes that plaintiff is required to prove jurisdiction in this case by a preponderance of the evidence.

It is well settled that, subject to the requirements of the due process, the in personam jurisdictional reach of a federal district court is determined by the law of the state in which it sits in diversity actions. *See Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F. 2d 374, 376 n. 2 (6th Cir. 1968); *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972). In other words, a court may only exercise jurisdiction over a non-resident defendant if the defendant is amenable to suit under the forum state's long-arm statute and if the due process requirements of the United States Constitution are met. *In-Flight Devices Corp.*, 466 F.2d at 224; *In Re Telectronics Pacing Systems, Inc.*, 953 F. Supp. 909, 912 (S.D. Ohio 1997)

(Spiegel, J.). Thus, a federal court may only exercise personal jurisdiction in a diversity case such as this one if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment. *Youn v. Track*, 324 F.3d 409, 417 (6th Cir. 2003); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115. As a federal court sitting in diversity, this Court must apply Ohio law to determine whether it may exercise jurisdiction over the non-resident defendant Nelson in this case. *Welsh*, 631 F.2d at 439; *Theunissen*, 935 F.2d at 1459. Because the Supreme Court of Ohio has held that Ohio's long-arm statute does not reach to the limits of the Due Process Clause, the Court must conduct both parts of the analysis to determine whether exercise of personal jurisdiction over defendant Nelson is appropriate. *See Bath & Body Works, Inc. v. Wal-Mart Stoers, Inc.*, 2000 WL 1810478, at * 2 n.3 (Sept. 12, 2000)(Sargus, J.)(citing *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) and *Walker v. Concoby*, 79 F. Supp.2d 827, 830-31 (N.D. Ohio 1999)).

### Jurisdiction Under the Ohio Long-Arm Statute

Ohio's long-arm statute is set forth at Ohio Rev. Code § 2307.82. The statute provides in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state; (2) contracting to supply services or goods in this state; . . . (6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Plaintiff contends that personal jurisdiction over defendant Nelson is proper under each of these statutory provisions. Plaintiff alleges that Nelson is subject to personal jurisdiction under Ohio Rev. Code § 2307.82(A)(1) & (2) because Hardesty was Nelson's agent and therefore the business transactions and contractual activity conducted by Hardesty can be imputed to Nelson. In addition, plaintiff argues that jurisdiction exists under Ohio Rev. Code § 2307.82(A)(6) based on the September 29, 2003 and December 5, 2003 "To Whom It May Concern" letters written by Nelson, and sent to plaintiff by Hardesty.

Having reviewed all the evidence and the arguments set forth by the parties, the Court concludes that personal jurisdiction cannot attach in this case under Ohio law based on either Ohio Rev. Code § 2307.82(A)(1) or (A)(2). Nothing in the record supports plaintiff's assertion that Hardesty was Nelson's agent. To the contrary, a plain reading of the September 29, 2003 and December 5, 2003 "To Whom It May Concern" letters indicates that, if anything, Nelson was Hardesty's agent, not the other way around. None of the documents or testimony support a finding that Nelson transacted business in the state or that he had any contractual relationship concerning the supply of goods or services in the state.

What's more unclear is whether personal jurisdiction could be based on Ohio Rev. Code § 2307.82(A)(6). This argument centers primarily on the effect of the September 29, 2003 and December 5, 2003 "To Whom It May Concern" letters written by Nelson, and sent to plaintiff by Hardesty. Plaintiff contends that these letters constitute misrepresentations and are part of a continuing fraudulent scheme and that Nelson knew or should have known that they would be sent to plaintiff in

Ohio, and thereby cause injury in this state. In this case, the Court need not make a definitive determination as to the applicability of § 2307.82(A)(6). Assuming *arguendo* that plaintiff can establish personal jurisdiction under § 2307.82(A)(6) of Ohio's long-arm statute, the Court concludes, as set forth below, that the due process requirements of the United States Constitution are not satisfied. *In-Flight Devices Corp.*, 466 F.2d at 224; *In Re Telectronics Pacing Systems, Inc.*, 953 F. Supp. at 912.

## Jurisdiction Under the Due Process Clause

"The bedrock principle of personal jurisdiction due process analysis is that when the Defendant is not physically present in the forum, she must have 'certain minimum contacts with it such that the maintenance of suit does not offend traditional notions of fair play and substantial justice'." *Youn*, 324 F.3d at 417 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The critical issue is whether defendant's conduct and connection with Ohio are such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The "minimum contacts" standard requires that the defendant purposefully avail himself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The purpose of this "purposeful availment requirement ensures that a defendant will not be haled into court solely as a result of random, fortuitous, or attenuated contacts." *Id.* In addition, the courts have excluded from the realm of purposeful availment the unilateral activity of those who claim a relationship with a non-resident defendant. *Id.* at 474.

When analyzing the due process limits of personal jurisdiction, the Court must

determine if jurisdiction is either general or specific, which will depend on the nature of the contacts involved. *CompuServe*, 89 F.3d at 1263. In a general jurisdiction case, the Court exercises personal jurisdiction when a defendant's continuous and systematic contacts within the forum state render that defendant amenable to suit in any lawsuit brought against it in the forum state. *In Re Telectronics*, 953 F. Supp. at 913-14 (citing *Nationwide Mutual Ins. Co. v. Tryg Intern. Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)). Specific jurisdiction allows the Court to exercise personal jurisdiction when the subject matter of the lawsuit arises out of or is related to the defendant's contact(s) with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *In Re Telectronics*, 953 F. Supp. at 914.

In this case, there are neither allegations nor facts to support a basis for "general" personal jurisdiction over defendant Nelson based on any "continuous and systemic" conduct within Ohio. *Costaras v. NBC Universal, Inc.*, 409 F. Supp.2d 897, 904-05 (N.D. Ohio 2005). Thus the Court must consider whether "specific" personal jurisdiction attaches in this case

In specific jurisdiction cases, the Court must apply a three part test to determine if a defendant has sufficient contacts with the forum state to exercise personal jurisdiction. *Southern Machine Co.*, 401 F.2d at 381. First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence therein. *Id.* Second, the cause of action must arise from the defendant's activities in the forum state. *Id.* Finally, the acts of the defendant or the consequences caused by it must have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable. *Id.*

The first element is satisfied when the defendant's conduct with the forum state proximately results from actions by the defendant himself that create a substantial connection with the forum state, and when the defendant's conduct and connection with the state are such that he should reasonably anticipate being haled into court there. *Costaras*, 409 F. Supp.2d at 905(citing *CompuServe*, 89 F.3d at 1263)). This criterion ensures that defendants will not be required to defend themselves against suits in a foreign jurisdiction based on random, fortuitous, or attenuated contacts. *Third National Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1090 (6th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990). To satisfy the second criterion, the cause of action need only have a "substantial connection" with defendant's in-state activities. *Id.* at 1091. When the first two criteria are met, an inference of fairness arises, and only the unusual case will fail to satisfy the third element. *Id.* at 1092. The analysis of the factors to determine jurisdiction cannot be made by comparing the facts in one case with the facts in another, or by rigidly applying a set of rules. *Wright International Express, Inc. v. Roger Dean Chevrolet, Inc.*, 689 F. Supp. 788, 792 (S.D. Ohio 1988)(Weber, J.). The issue of whether jurisdiction may be exercised over defendant must be examined on a case by case basis. *Id.*

Proving that Nelson purposefully availed himself of the privilege of acting in Ohio or causing a consequence in Ohio such that the Court may exercise personal jurisdiction over him is "the sine qua non for in personam jurisdiction." *Southern Machine Co.*, 401 F.2d at 381-82. The parties do not dispute that "Nelson wrote the To Whom It May Concern" letters and that the letters were forwarded to Hardesty and

subsequently mailed to plaintiff.[1] A plain reading of the letters leads to the conclusion that Nelson was hired by Hardesty and the Nelson was seeking to secure the return of assets frozen in the Bank of Butterfield. The December 5, 2003 letter suggests that to further the process for seeking return of the frozen assets, persons, presumably including plaintiff, should forward personal information to Hardesty. What's missing however, is any indication from plaintiff, who has not filed an affidavit or a verified complaint in this case, that he in anyway relied upon the information or representations in either letter to either take action or refrain from taking action. There is no allegation that plaintiff understood the letters to mean that Nelson was his legal representative or that the letters otherwise had any effect on plaintiff's conduct. In other words, as far as the Court is aware at this time, the letters did not lead to any course of conduct between the parties. Without some modicum of proof that the letters caused or contributed to harm suffered by plaintiff, or that the plaintiff relied on the statements set forth in the letters, the Court is at a loss to understand how one can conclude that the letters created a connection with the forum state or caused a consequence in the forum state.

Each of the three criterion represents an independent requirement of the due process analysis, and failure to meet any one of the three means that personal jurisdiction may not be invoked. *Conti*, 977 F.2d 978 at 983(citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303(6th Cir. 1989)). Plaintiff's failure to demonstrate, by a preponderance of the evidence, the purposeful availment

---

[1] Defendant Nelson does argue that plaintiff neglected to file an affidavit stating that he actually *received* these letters. For purposes of its analysis, the Court will assume that these letters were received by plaintiff.

requirement means that the court may not exercise personal jurisdiction. For these reasons, the Court recommends that defendant Nelson's motion to dismiss be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

David M. Schneider,
    Plaintiff

vs                          Case No. 1:06-cv-836-SJD-TSH
                              (Dlott, C. J.; Hogan, M. J.)

Michael Hardesty, et. al.,
    Defendants

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 3/5/2009. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.