# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

David M. Schneider,
    Plaintiff

vs                                    Case No. 1:06-cv-836-SJD-TSH
                                        (Dlott, C. J.; Hogan, M. J.)

Michael Hardesty, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff David M. Schneider's Motion for Rule 54(b) Certification (Doc. 40), Defendant Thomas Nelson's Memorandum in Opposition (Doc. 42), and Plaintiff's Reply. (Doc. 43).

Plaintiff moves the Court for an order certifying pursuant to Fed. R. Civ. P. 54(b) that's it's June 23, 2009 Order dismissing defendant Nelson for lack of in personam jurisdiction is a final appealable order. Plaintiff asserts that Rule 54(b) certification is appropriate because the weight of applicable factors which the court should consider weigh in favor of permitting an immediate appeal. Specifically, plaintiff argues that the claims asserted against defendant Nelson are separate and distinct from those asserted against the remaining defendants; the case is still in the discovery stage such that appellate review of the jurisdictional issue would not render

the balance of the case moot; an appeal of the jurisdictional issue is not duplicative of other issues still pending in the case; and permitting review on the jurisdictional issue would conserve judicial resources and prevents duplicative litigation by resolving the underlying fraud claims in a single action.

Defendant Nelson opposes the motion for certification. While defendant Nelson agrees with plaintiff concerning the relevant factors the court should consider in making its certification decision, he argues that those factors weigh against certification. Defendant contends that if the claims against him are separate and distinct, then defendant is not prejudiced by litigating those claims in a separate action if the Court's jurisdictional ruling is overturned on appeal. Defendant Nelson further contends that plaintiff's claims against Nelson would be moot if the case were to proceed without an immediate appeal and plaintiff were to recover a judgment against one or all of the remaining defendants. Defendant also argues that if the appellate court were to reverse this Court's jurisdictional ruling, the appellate court might be required to rule on the jurisdictional issues a second time if an appeal is taken after final judgment is rendered on the entire case.

Fed. R. Civ. P. 54(b) provides as follows:

When an action presents more than one claim for relief– whether as a claim, counterclaim, crossclaim, or third party claim– or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the

claims and all the parties' rights and liabilities.

Under the rule, certification for appellate review prior to the final disposition of the entire case is justified only in extraordinary cases. *Rudd Construction Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983). The rule is "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties in a multi-claim/multi-party action." *Baden-Winterwood v. Life Time Fitness*, 2007 WL 2326877, at * 4 (S.D. Ohio Aug. 10, 2007)(Frost, J.)(quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)(internal quotations omitted).

Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Second, the district court must "expressly determine[] that there is no just reason for delay" of appellate review. Fed. R. Civ. P. 54(b); *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). The first step in certification, entry of partial final judgment, is satisfied when a decision by the district court is rendered which ultimately disposes of one or more but fewer than all the claims or parties in a multi-claim/multi-party action. *Id.* at 1026-27. The second step in certification, a determination of no just reason for delay of appellate review, requires the court to balance the needs of the parties against the interest of efficient case management. *Id.* at 1027. When a district court finds that certification of an order under Rule 54(b) is appropriate, it must clearly explain why it has concluded that immediate review of the challenged ruling is desirable. *Id.* at 1026 (citing *Solomon*, 782 F.2d at 61-62). "[E]ven where the district court properly supports its certification, Rule 54(b) should not be used routinely, . . . but rather should be reserved for the infrequent harsh case, . . .where certification serves the

3

interests of justice and judicial administration." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988)(internal quotations and citations omitted).

In the present case, it is undisputed that the District Court's June 23, 2009 Order dismissing defendant Nelson for lack of personal jurisdiction is final as to one but fewer than all of the parties. (Doc. 35). Nelson tacitly concedes as much in his memorandum in opposition to plaintiff's motion for certification. The Order dismisses Nelson from the case, leaving five defendants remaining. *See Daleure v. Commonwealth of Kentucky*, 269 F.3d 540. 543 (6th Cir. 2001)("the dismissals of some defendants for lack of personal jurisdiction are final"). Accordingly, the first step of Rule 54(b) certification is satisfied, and the Court must turn its attention to the question of whether there is no just reason for delay of appellate review.

While no precise list exists for determining whether there is "no just reason for delay," the Sixth Circuit has articulated a non-exhaustive list of factors the District Court should consider when making a Rule 54(b) determination. *General Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994). The factors include, but are not limited to the following: (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might mor might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of

trial, frivolity or competing claims, expense and the like. *Id.* (citing *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)).

The parties apparently agree to the factors which the Court should consider in making a Rule 54(b) determination, though they strenuously disagree as to who those competing factors favor when considered under the facts of this case. In this case, the Court's dismissal order was not directed at claims, but at a single defendant who was dismissed for lack of in personam jurisdiction. Appellate review of the District Court's order would not address any of the underlying claims of the parties, but would be limited to the question of whether this Court's jurisdiction extends to reach defendant Nelson. *See Brunner v. Hampson*, 441 F.3d 457, 460 (6th Cir. 2006). The claims against Nelson derive from the same core of operative facts and circumstances underlying the claims against the other defendants. This consideration weighs in favor of immediate appeal. An immediate appeal of the jurisdictional issue would resolve the question of whether Nelson is a proper party defendant before this Court, and would avoid the possibility of a second trial on the same issues and operative facts governing the claims still pending against the remaining defendants. While this case was filed in December 2006, the Court recently extended the discovery deadline until April 30, 2010. In addition, the Court's prior Calendar Orders have been vacated and there are no final pre-trial or trial dates established at this time. Accordingly, an immediate appeal of the jurisdictional issue would not cause delay or unfairly prejudice the remaining defendants. On balance, the Court finds that in this particular instance, judicial economy and conservation of judicial resources also weighs in favor of an immediate appeal. If the District Court's Order is upheld, the underlying action may proceed against the remaining defendants. If the District

Court's jurisdictional ruling is overturned, defendant Nelson reenters the case and the trial court avoids the possibility that it must conduct two separate trials concerning the same underlying facts and circumstances.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion be GRANTED and the District Court certify its June 23, 2009 Order as a final appealable order pursuant to Fed. R. Civ. P. 54(b).

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

David M. Schneider,
    Plaintiff

vs                                             Case No. 1:06-cv-836-SJD-TSH
                                                (Dlott, C. J.; Hogan, M. J.)

Michael Hardesty, et. al.,
    Defendants

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12/4/2009. Any party may object to the Magistrate's findings, recommendations, and report within (14) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within fourteen (14) days after being served a copy thereof.